UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GERARDO REYES-RAMIREZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO.: 5:21-cv-455 |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| GREAT AMERICAN INSURANCE GROUP., | § | *Jury Trial* |
| | § | |
| *Defendant* | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to 28 U.S.C. § 1446(a), Great American Insurance Company (incorrectly named as Great American Insurance Group) ("Defendant"), the sole named defendant herein, files this notice of removal based on diversity jurisdiction, hereby removing this action from the 285th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.  Removal is based on diversity jurisdiction because there is complete diversity between Gerardo Reyes-Ramirez ("Plaintiff") and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant would respectfully show unto the Court as follows:

### SUMMARY OF REMOVAL

1.1    This case arises from an accident that occurred on April 19, 2019, in San Antonio, Bexar County, Texas.  Upon reasonable belief and investigation, at the time of the accident, Plaintiff was an employee of BCFS riding as a passenger in a company van that was traveling to a training

event located in or near Seguin, Texas.  The BCFS company van, which was driven by Colin

Castleberry, was traveling southbound on Interstate 35 approaching Interstate 10.  Plaintiff, in

his live petition, alleges that Donald McClay, the alleged tortfeasor, was negligent in striking the

van that Plaintiff was riding in.  Plaintiff claims that he suffered severe bodily injuries as a result

of the accident.  Plaintiff filed his lawsuit in state court, seeking a declaratory judgment that,

among other things, Mr. McClay was an uninsured motorist and Plaintiff is entitled to recover

uninsured motorist benefits pursuant to an insurance policy issued by Defendant (i.e., Policy No.

CAP4297456).

1.2     Plaintiff alleges he is a resident of San Antonio, Bexar County, Texas.  Plaintiff fails to

make any allegations as to the residence or citizenship of Defendant.  In fact, Defendant's

corporate headquarters is in Cincinnati, Ohio, and Defendant is incorporated in Ohio.  As

Defendant is a citizen of Ohio for diversity jurisdiction purposes, all the parties in this case are

completely diverse.[1]

1.3     Moreover, Plaintiff's live pleadings state that his claims in this case are in excess of

$1,000,000.  Therefore, under the live pleadings, the claimed damages in this case exceed the

$75,000 threshold required for federal diversity jurisdiction.

1.4     As complete diversity exists between the parties, and the amount in controversy is in

excess of $75,000, exclusive of interest and costs, diversity jurisdiction exists and permits

Defendant to remove this case to federal court.

---

[1]

It is worth noting that Plaintiff has not actually sued the company issuing the policy in question.
Instead, he has sued Great American Insurance Group, which is a trade name and not a legal entity.  The
insurance company that actually issued the policy is Great American Insurance Company, which is
incorporated in Ohio and has its headquarters in Cincinnati, Ohio.

1.5     Should this removal be challenged (i.e., should Plaintiff file a motion to remand to state court), the evidence will show that: (1) Plaintiff is a citizen of Texas; (2) the principal place of business for Defendant, as well as the companying issuing the policy in question, is located in Cincinnati, Ohio, and both are incorporated in Ohio; and (3) Plaintiff has asserted claims in excess of $75,000 in this case.

<u>PROCEDURAL REQUIREMENTS</u>

2.1     Pursuant to 28 U.S.C. §1446(a), this notice of removal has the following attachments:

1.   <u>All Executed Process</u>

"Exhibit 1"    -    Citation with Officer's Return (Apr. 8, 2021);

"Exhibit 2"    -    Affidavit of Service (Apr. 8, 2021);

2.   <u>Pleadings Asserting Causes of Action</u>

"Exhibit 3"    -    Plaintiff's Original Petition (Mar. 18, 2021);

3.   <u>All Orders Signed by State Judge</u>

None in Defendant's possession;

4.   <u>The Docket Sheet</u>

"Exhibit 4"    -    Electronic Docket Sheet.

2.2     The following additional exhibits are also attached in support of this removal:

5.   <u>Secretary of State Filings</u>

"Exhibit 5"    -    Ohio Secretary of State Filings – Great American Insurance Company.

2.3     Defendant reserves the right to file supporting evidence, affidavits, testimony, and/or other exhibits in support of the removal of this case and in response to any motion to remand, should the removal be challenged by any party herein on any grounds.

## FACTS PERTAINING TO REMOVAL

3.1    Plaintiff filed his original petition on March 18, 2021, in the 285th District Court of Bexar County, Texas, located at 100 Dolorosa, San Antonio, Texas 78205.  Plaintiff's petition asserts claims against Defendant arising out of an accident that occurred on April 19, 2017, in San Antonio, Bexar County, Texas.  Plaintiff alleges that, at the time of the accident, he was a passenger in a vehicle traveling southbound on Interstate 35.  Plaintiff further alleges, "Tortfeasor Donald McClay suddenly and without warning moved into Plaintiff's lane when it was unsafe to do so and violently collided with the rear quarter panel of Plaintiff's vehicle." (Exhibit 3.)

3.2    Plaintiff claims he suffered "severe and debilitating injuries and damages" as a result of the accident.  Plaintiff represents, in his live pleadings, that seeks over $1,000,000 in damages in this lawsuit.  (Exhibit 3.)

3.3    Plaintiff further alleges that Defendant issued an insurance policy providing Plaintiff with uninsured/underinsured motor coverage (i.e., Policy No. CAP4297456).  Plaintiff asserts that the policy in question was in force and effect on the date of the subject accident, and that Plaintiff was covered under the policy.  (Exhibit 3.)

3.4    By virtue of a declaratory judgment action brought pursuant Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff seeks a declaratory judgment "(1) that he is entitled to recover from Defendant Great American his damages resulting from the April 19, 2917, motor vehicle collision underlying this suit; (2) that those damages fall within the coverage afforded Plaintiff under the aforementioned Great American underinsured motorist insurance policy; and (3) specifying the amount of damages, attorney fees, interest, and court costs that Great American is obligated to pay."  (Exhibit 3.)  In short, Plaintiff has filed a typical claim for

uninsured/underinsured motorist benefits seeking to recover uninsured/underinsured motorist benefits by suing Defendant.  Plaintiff has not asserted any bad-faith claims, violations of the Texas Insurance Code, or similar claims against Defendant.

3.5    Plaintiff served Defendant by serving the citation and original petition on Defendant's alleged agent for service of process, CT Corporation System, on April 8, 2021.  (Exhibit 1; Exhibit 2.)  Therefore, Defendant received notice of the lawsuit filed in state court no earlier than said date.  This notice of removal is being filed within 30 days of the service of the citation and original petition, and is thus timely under 28 U.S.C. §1446(b).  (Exhibits 1-3.)

3.6    Plaintiff alleges that he is a resident of Bexar County, Texas.  (Exhibit 3.)

3.7    Plaintiff fails to make any allegations pertaining to Defendant's citizenship.  (Exhibit 3.) Inquiries with the Ohio Secretary of State show that Defendant's headquarters are located in Cincinnati, Ohio, and the company is a domestic company of Ohio (i.e., incorporated in Ohio). (Exhibit 5.)

3.8    Moreover, Plaintiff has alleged the amount in controversy (i.e., the damages sought in this claim) are in excess of $1,000,000.  (Exhibit 3.)

GROUNDS FOR REMOVAL

4.1    Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332, because all relevant parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*A.    There Is Complete Diversity Among the Parties*

4.2    Plaintiff is a citizen of Texas by virtue of permanently residing in Harris County, Texas. *See* 28 U.S.C. § 1332(a); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).

4.3     Great American Insurance Company (improperly named as Great American Insurance

Group), the sole named defendant, is a citizen of Ohio for purposes of diversity jurisdiction.  *See*

28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

4.4     Removal is proper because there is complete diversity between the parties between which

there is a controversy.  In other words, Plaintiff and Defendant (i.e., the sole named defendant)

are not citizens of the same state.  *See* 28 U.S.C. § 1332(a).  Moreover, there are no local

defendants that would defeat diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(2).

**B.      *The Amount In Controversy Exceeds $75,000***

4.5     Plaintiff's original petition seeks to recover over $1,000,000 in damages.  The damages

claimed exceed the $75,000 jurisdictional threshold.  In this regard, the damages Plaintiff claims

in his petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co.*

*v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

VENUE

5.1     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a)

because this district and division embrace the 285th District Court of Bexar County, Texas, the

forum in which the removed action was previously pending.

CONSENT TO REMOVE

6.1     Consent from other named defendants is not necessary, as Defendant is the sole named

defendant in this case.  *See* 28 U.S.C. § 1446(b)(2)(A).

EVIDENTIARY HEARING

7.1     If this Court deems additional information or evidence necessary to support the notice of

removal filed, Defendant requests the Court order such a hearing pursuant to the United States

Code.  *See* 28 U.S.C. §1446(5).

### CONCLUSION AND PRAYER

Defendant respectfully requests that the above-captioned action now pending in the 285th Judicial District Court of Bexar County, Texas, be removed to the United States District Court for the Western District of Texas, San Antonio Division.  Defendant requests any additional relief to which it may be entitled, at law or in equity.

Respectfully submitted,

**JOHANSON & FAIRLESS, L.L.P.**


 /s/ Mike Johanson
Mike Johanson, State Bar No. 10670400
Kevin Kyser, State Bar No. 24062832
1456 First Colony Boulevard
Sugar Land, TX 77479
(281) 313-5000 - main
(281) 340-5109 - direct
(281) 340-5100 - facsimile
E-SERVICE: mjohanson@jandflaw.com

**ATTORNEYS FOR DEFENDANT,**
**GREAT AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant's Notice of Removal* has been forwarded to the attorneys of record by CM/ECF service on this 6th day of May, 2021.

Paula A. Wyatt
Gavin McInnis
Louis Durbin
WYATT LAW FIRM, PLLC
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218
*Via Electronic Service: e-serve@wyattlawfirm.com*

> */s/ Mike Johanson*
> Mike Johanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GERARDO REYES-RAMIREZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO.: 5:21-cv-455 |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| GREAT AMERICAN INSURANCE GROUP., | § | *Jury Trial* |
| | § | |
| *Defendant* | § | |
| | § | |

---

**AFFIDAVIT OF MIKE JOHANSON**

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF FORT BEND | § |

BEFORE ME, the undersigned authority, personally appeared MIKE JOHANSON, known to me and first being duly sworn according to law, upon his oath deposed and said:

"My name is Mike Johanson.  I am over eighteen (18) years of age, I am an attorney licensed to practice law in the State of Texas, I have never been convicted of a felony, and I am fully competent to make this Affidavit and this statement.

I am an attorney of record for a defendant herein, Great American Insurance Company (incorrectly named as Great American Insurance Group) ("Defendant").  I am authorized by Defendant to make this Affidavit on its behalf, and I have read the above and foregoing instrument. All of the information contained within the notice is true and correct.  All documents contained within the appendices/evidence, attached hereto, are true and correct copies of said documents, they are hereby incorporated into this Affidavit and/or served herewith, and they are what they purport to be.  Any publically obtained documents are true and correct copies of the documents obtained, and have not been modified by me or my staff.

-2-

I have read the foregoing statement, which is true and correct based upon my personal knowledge."

Further, affiant sayeth not.

_____
MIKE JOHANSON

SUBSCRIBED AND SWORN TO BEFORE ME on the 6 th day of May, 2021, to certify which witness my hand and official seal.

DENICIA M. ORTIZ
Notary Public, State of Texas
Comm. Expires 10-23-2024
Notary ID 124977454

_____
Notary Public in and for
Harris County, Texas

Commission Expires: 10/23/2024